**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES**

**VS.**                              **NO.  4:09-CR-00055 GTE**

**DARIUS L. WATSON**

**ORDER**

On October 26, 2010, the Defendant Darius Watson appeared for a sentencing hearing.

During the hearing, an issue was raised as to whether the ten year mandatory minimum sentence

reflected in the Pre-Sentence Report, to which neither party had objected, was altered by the

Fair Sentencing Act of 2010 ("FSA"), a stated purpose of which is to "restore fairness to Federal

cocaine sentencing."[1]  With the parties' agreement, the Court proceeded with the hearing, on the

condition that any sentence imposed could and would be set aside if it turned out that the FSA

impacted either the statutory or guideline sentence.   With that caveat, the Court imposed a

sentence of ten years, which the Court believed at that time to be the applicable statutory

mandatory minimum sentence.  Whether the Court applied the correct mandatory minimum

sentence is now in doubt.  Accordingly, this Order is entered to request the parties' input and to

provide notice that the previously imposed sentence is hereby suspended.

Mr. Watson pled guilty on June 17, 2010, to one count of possession with intent to

deliver more than 50 grams of cocaine base under 21 U.S.C. 841(a)(1).  At the time of the plea, a

---

[1]Preamble, Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

1

ten year mandatory minimum sentence applied.  On August 3, 2010, the FSA was signed into law, at which point it appears that the same count of conviction calls for only a 5 year mandatory minimum sentence.

The FSA raised the amount of cocaine base necessary to trigger application of the  five and ten year statutory mandatory minimums.   Under the new law, it takes 28 grams of cocaine base, whereas it previously took only 5 grams, to trigger application of a five year mandatory minimum term of imprisonment.   Similarly, it now takes 280 grams of cocaine base, rather than 50 grams, to trigger a ten year mandatory minimum term of imprisonment.

The Court directs the parties to state their position on the following two questions.  First, do the parties agree that if the FSA's amendments to 21 U.S.C. § 841 are applied to Mr. Watson's count of conviction, the applicable mandatory minimum sentence will be reduced from ten to five years?  Second, is Mr. Watson entitled to the benefit of the change in the law since he committed the offense and entered his guilty plea under the pre-FSA harsher regime?

A district court in Maine recently grappled with this very issue before concluding that a similarly situated defendant was entitled to benefit from the change in the law.   A copy of the opinion, *United States v. William Douglas*, __ F.Supp. 2d ___, 2010 WL 4260221 (D.C. Me October 27, 2010) is being provided to counsel separately.

IT IS HEREBY ORDERED THAT entry of a Judgment and Commitment on the conditional sentence previously imposed be, and it is hereby, SUSPENDED.  Because a new sentencing hearing may be necessary, a new tentative sentencing hearing date will be scheduled for that purpose.

2

IT IS FURTHER ORDERED THAT counsel for both parties shall respond to this Order not later than **November 16, 2010.**

IT IS SO ORDERED this  2nd   day of November, 2010.


 /s/Garnett Thomas Eisele                           
UNITED STATES DISTRICT JUDGE