# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES**

**VS.**                    **NO. 4:09-CR-00055 GTE**

**DARIUS L. WATSON**

## ORDER

The Court has reviewed the responses of both parties to the Court's Order filed November 2, 2010.[1]

The parties agree that if the provisions of the Fair Sentencing Act of 2010[1] ("FSA"), that amended 21 U.S.C. § 841 were applied to Mr. Watson's count of conviction, the applicable mandatory minimum sentence would be reduced from 10 to 5 years. They disagree, however, on whether the statutory change, which occurred after Mr. Watson committed the offense and entered his guilty plea, but before sentencing, applies in this case.

The Government contends that the issue has been addressed by earlier Eighth Circuit rulings, in which case this Court is foreclosed from revisiting it. See *United States v. Brown*, __ Fed. Appx. ___, ___ (8th Cir. 2010) (unpublished per curiam) ("the statutory minimum existing at the time the offense was committed governs"); *United States v. Brewer*, 624 F.3d 900, 909, n. 7 (8th Cir. 2010) (citing *Brown*); Compare *United States v. William Douglas*, __ F.Supp. 2d ___,

---

[1] Docket entry # 39.

[1] Pub. L. No. 111-220, 124 Stat. 2372 (2010).

2010 WL 4260221 (D.C. Me October 27, 2010) (concluding that Savings Clause, 1 U.S.C. § 109, did not preserve harsher statutory minimum for sentences imposed after enactment of FSA). While this Court might be inclined to agree with the *Douglas* case (which examined the law in considerable detail before rejecting the argument that the Savings Clause was dispositive of the issue), it is obligated to follow the precedent of the Eighth Circuit.

Accordingly, the previously scheduled sentencing hearing date of December 16, 2010, is hereby cancelled. The Court will enter a Judgment and Commitment based on the previously imposed sentence of ten years, which is the mandatory minimum sentence in effect at the time Mr. Watson committed the crime and entered his guilty plea and, under Eighth Circuit precedent, the smallest sentence the Court may impose.

IT IS SO ORDERED this  14th   day of December, 2010.

                                       /s/Garnett Thomas Eisele  
                                       UNITED STATES DISTRICT JUDGE